```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT


ADRIA HALSTEAD-JOHNSON,           :
                                  :
        Plaintiff,                :
                                  :
        v.                        :       File No. 1:09-CV-87
                                  :
JAMES M. CONLON and VICTOR        :
KIARSIS d/b/a SHELTERLOGIC,       :
SHELTERLOGIC, LLC, ROBERT R.      :
HELLER, JR. CONSTRUCTION, INC.,   :
                                  :
        Defendants                :
                                  :
                                  :
ROBERT R. HELLER, JR.             :
CONSTRUCTION, INC.,               :
                                  :
        Third-Party Plaintiff,    :
                                  :
        v.                        :
                                  :
MATCHLESS CONSTRUCTION CO. LLC,   :
                                  :
        Third-Party Defendant.    :
```

### RULING ON THIRD-PARTY DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR HEARING
(Papers 75 and 78)

I.  Background

This case stems from a collapsed shelter structure for horses.  Plaintiff Adria Halstead-Johnson filed suit in Vermont state court, and the case was subsequently removed to this Court.  After various additions and dismissals, the defendants are ShelterLogic LLC (the company selling the structure), Robert R. Heller, Jr. Construction, Inc. (the company hired by Plaintiff to install the structure), and Matchless Construction Company, LLC

(the company subcontracted by Heller to perform the installation work).  In addition to Plaintiff's claims against the three defendants, Heller also filed a third-party claim against Matchless.

On February 12, 2010, the parties engaged in Early Neutral Evaluation (ENE), reached a resolution for the case, and signed a written Settlement Agreement.  The Settlement Agreement calls for payments by each defendant to Halstead-Johnson, and states: "The parties shall each exchange with each other Party full general releases in a form reasonably acceptable to all counsel."  (Paper 75-2 at 1.)  On February 18, 2010, this Court issued an order dismissing the case without costs, with the right to re-open the case within 60 days if the settlement was not consummated.  (Paper 74.)

The parties now disagree on the meaning of "full general releases."  Matchless asserts the phrase means a universal release, releasing all claims — arising out of any conduct — between the parties.  Heller argues the phrase is transaction-specific, and only means a release of claims arising out of the transaction at issue in this case.  On March 25, 2010, Matchless filed a "Motion to Enforce Settlement Agreement," requesting the Court order Heller to sign a universal release, and asking for attorney's fees.  (Paper 75.)  Heller opposes the motion (Paper 76) and Matchless further requests a hearing.  (Paper 78.)

II. <u>Discussion</u>

When a case is dismissed after settlement, "there is neither an enforceable judgment on the merits nor a court-ordered consent decree. There is, instead, a private settlement agreement in which [the parties] have agreed to take certain actions . . . ." <u>Robertson v. Giuliani</u>, No. 99 CIV 10900, 2002 WL 253950, at *3 (S.D.N.Y. Feb. 21, 2002) (unreported), <u>vacated on other grounds</u>, 346 F.3d 75. As private agreements, settlements are "interpreted according to general principles of contract law," <u>Powell v. Omnicom</u>, 497 F.3d 124, 128 (2d Cir. 2007), and "the enforcement of a settlement agreement normally proceeds in state courts unless there is an independent basis for federal jurisdiction," <u>Robertson v. Giuliani</u>, 346 F.3d 75, 80 (2d Cir. 2003).

Corresponding to this arrangement, the Second Circuit has noted, "there is nothing in the Federal Rules of Civil Procedure styled a 'motion to enforce.' Nor is there approval for such a motion to be found in this Circuit's case law," except in a few situations. <u>Martens v. Thomann</u>, 273 F.3d 159, 172 (2d Cir. 2001) (Sotomayor, J.); <u>accord</u> <u>Jamison v. Smith Barney Inc.</u>, 114 F. App'x 13, 13-14 (2d Cir. 2004) (summary order). Situations in which a motion to enforce a settlement agreement may be proper include the following:

> Where . . . "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the

3

> settlement agreement) or by incorporating the terms of the settlement agreement in the order"—a federal court retains jurisdiction to enforce the settlement agreement.

Robinson, 2002 WL 253950, at *4 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). Under these circumstances, the party's "motion to enforce settlement agreement" may be treated as a motion for relief from judgment under Rule 60(b), a contempt proceeding, or another type of motion that exists under the Federal Rules. See Martens, 273 F.3d at 172.

Notwithstanding, lawyers frequently file motions to enforce settlement agreements, and courts occasionally gloss over the procedural issues and address the merits directly. See, e.g., Collins v. Harrison-Bode, 303 F.3d 429 (2d Cir. 2002); Baldwin v. Gavin, 6 F. App'x 107 (2d Cir. 2001) (summary order); Wynn v. Reiber, No. 96-7848, 1997 WL 73169 (2d Cir. Feb. 10, 1997) (unpublished); see also Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 444 (2d Cir. 2005) (citing Connecticut law for the proposition that trial courts have broad power to enforce settlement agreements, without considering the mechanics of that power in federal court); Acot v. N.Y. Med. Coll., 99 F. App'x 317 (2d Cir. 2004) (summary order) (suggesting federal district courts have inherent power to enforce settlement agreements in cases that have been before them, but relying on a case dealing with a specialized type of settlement).

Here, the parties' settlement agreement never came before the Court, and the terms of the settlement were not "so ordered" by this Court. Nor did the Court retain jurisdiction to enforce the terms of the settlement. Rather, the case was dismissed with the right to petition to re-open, upon showing of good cause, within 60 days. This "60 Day Order" is designed to protect against situations where a settlement falls through, and the parties wish to re-open the merits phase of the case for adjudication. In its "Motion to Enforce Settlement Agreement," Matchless is not attempting to re-open the merits of the case; instead, it seeks interpretation and enforcement of the settlement agreement. Therefore the Court does not consider the motion as one to re-open the case.

Because Matchless seeks legal enforcement of a private settlement agreement in this dismissed case, the Court finds the "Motion to Enforce" does not present a proper request, and declines to rule on it.[1] Martens, 273 F.3d at 172.

---

[1] As to Matchless and Heller's disagreement on the meaning of "full general releases," the Court notes litigants appear to use the term to refer to both transaction-specific and universal releases. To the extent Heller and Matchless have had business interactions other than the horse shelter at issue in this case, a universal release may not have been contemplated in the agreement. The Court recommends the parties attempt to resolve this issue themselves; it is not a significant issue, and should not stand in the way of the settlement. If Matchless and Heller require assistance, the Court recommends they contact Attorney Marks for further mediation.

5

III. Conclusion

The "Motion to Enforce Settlement Agreement" and accompanying request for attorney's fees (Paper 75) are DENIED. As there are no factual issues, the Request for Hearing (Paper 78) also is DENIED. <u>Martens</u>, 273 F.3d at 173.

Dated at Brattleboro, in the District of Vermont, this 28th day of April, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge